**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| **DARIN TYRONE RONE** * | |
| **ADC #120531** * | |
| * | |
| **PLAINTIFF** * | |
| * | |
| vs. * | Case No. 2:04CV00087JFF |
| * | |
| **CORPORAL JAMRISON,** *et al.* * | |
| * | |
| **DEFENDANTS** * | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (docket entry #56 and #74). It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, a court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, a court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*. at 1322-23. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Id*. at 1323.

Plaintiff's excessive force claims do not appear legally or factually complex. Additionally, there is no support for the finding that the Plaintiff will be unable to investigate the facts surrounding his case given that he may engage in written discovery. The pertinent factors

do not weigh in favor of appointment of counsel at this time. Accordingly, Plaintiff's Motions for Appointment of Counsel (docket entry #56 and #74) will be DENIED.

Also pending is Plaintiff's Motion to Compel (docket entry #58) to which the Defendants' have responded (docket entry #59). The Defendants' refer the Court to another response to Plaintiff's discovery requests (docket entry #57). Defendants objected to Plaintiff's request for copies of security tapes stating that tapes are not released to inmates. Notwithstanding the security concern, presumably Plaintiff would not have access to video equipment on which to view the tapes. They objected to Plaintiff's request for his medical records stating that he may submit the proper authorization to the unit infirmary to view his medical jacket. They object to his request for security log books stating that it is the ADC's policy not to release such information to inmates. The Court understands the security concerns that underlie a decision not to produce security tapes and security logs books to inmates. Of course, any such relevant information should be available to the Court for review at a future trial. Plaintiff's Motion to Compel will be (docket entry #58).

Also pending is Defendants' Motion to File an Answer to Plaintiff's Complaint Out of Time (docket entry #63) that was filed on September 9, 2005. On January 24, 2005, the district court entered an Order adopting the undersigned's Proposed Recommended Disposition in which it was recommended that the individual capacity claims against the Defendants be allowed to proceed. Thereafter, the parties consented to appear before a Magistrate (docket entry #41). As a basis for the motion, counsel cites excusable neglect, and points out that the case has proceeded forward despite that no Answer has yet been filed, and that neither party has been prejudiced by

such. The motion (docket entry #63) will be GRANTED. Fed. Rule Civ. Pro. 6(b)(2).

Plaintiff's Motion for Discovery (docket entry #71) requests that the Defendants turn over a surveillance tap, security log books and a locksmith report. For the reasons already stated herein, the Motion will be DENIED (docket entry #71).

Plaintiff's Motion to Compel Ruling in which he seeks a ruling on his Motion to Compel (docket entry #69) will be DENIED.

Plaintiff has filed two Motions to Amend the Complaint (docket entry #67-68). To some extent docket entry #67, which is not a model of clarity, simply restates the legal claims already raised by the original Complaint, but in some respects it appears that Plaintiff is attempting to raise new claims, such as an Eighth Amendment claim against an unidentified nurse for failure to properly treat his side pains. In docket entry #68, Plaintiff raises new claims, such as a retaliation claim, in support of which he alleges that Brooks threatened him for filing a grievance, and asserts that Lt. Powell denied him treatment for side pains. Because the allegations in the proposed Amended Complaints exceed the scope of the original Complaint by adding new claims that have apparently arisen since the filing of this action, leave to amend will not be given.

Plaintiff's Motion for Order to Reset Hearing will be DENIED (docket entry #82). The Court will of course reset the hearing in the future on its own accord.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motions for Appointment of Counsel (docket entry #56 and #74) are DENIED.

  2.  Plaintiff's Motion to Compel (docket entry #58) is DENIED.

  3.  Defendants' Motion to File an Answer to Plaintiff's Complaint Out of Time (docket entry #63) is GRANTED.

  4.  Plaintiff's Motion for Discovery (docket entry #71) is DENIED.

  5.  Plaintiff's Motion to Compel Ruling (docket entry #69) is DENIED.

  6.  Plaintiff's two Motions to Amend the Complaint (docket entry #67-68) are DENIED.

  7.  Plaintiff's Motion for Order to Reset Hearing is DENIED (docket entry #82).

  DATED this 1st day of December, 2005.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT