## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

| | |
|---|---|
| **DARIN TYRONE RONE** | * |
| **ADC #120531** | * |
| | * |
| **PLAINTIFF** | * |
| | * |
| vs. | *   Case No. 2:04CV00087JFF |
| | * |
| **CORPORAL JAMRISON**, *et al.* | * |
| | * |
| **DEFENDANTS** | * |

### ORDER

Pending is Plaintiff's Motion to Compel (docket entry #102) in which Plaintiff requests that the Defendants be compelled to provide him with and to preserve an unidentified incident report, his prison medical records, isolation surveillance video monitoring tapes from December 2003 to January 2004, a grievance, and security logs books between those dates. In an Order entered on December 1, 2005 (docket entry #84), the Court ruled on a prior Motion to Compel and addressed many of the subjects that are now raised in the pending motion. The Court stated that it understood the security concerns that underlie a decision not to produce security tapes and security logs books to inmates. The Court concluded by stating that any such relevant information should be available to the Court for review at a future trial. As to Plaintiff's medical records request, the Court stated that he may review the same by submitting a request to Correctional Medical Services. To reduce the chances of forgery, ADC policy prohibits inmates from having copies of their medical records. Plaintiff's Motion to Compel will be (docket entry #102) DENIED. Plaintiff's Request for Depositions to obtain the items he has sought in his Motions to Compel will be likewise DENIED (docket entry #103).

1

The Defendants filed a response (docket entry #108) to the motions addressed above, pointing out that Plaintiff has continued to file repetitive discovery requests seeking the same items that have been addressed by the Court's prior Orders. The Defendants also request that the Court "dismiss" Plaintiff's newly filed Interrogatories (docket entry #105 and #106). The requests are not formatted as traditional Interrogatories or Requests for Admission. In between recitations of accusations, and streams of thought, a few unclear "yes" or "no" questions emerge. The Court can understand, however, that Defendants are lost as to what exact information Plaintiff is seeking and what he requests that Defendants respond to. Given the foregoing, Defendants do not have to provide discovery responses to docket entries #105 and #106. In the future, Plaintiff may serve Requests for Admission on the Defendants by writing single sentences that call for a "yes" or "no" response.

Defendants' Motion for Standing Objection to Plaintiff's Request for surveillance tapes, security log books and medical records will be DENIED (docket entry #109). Plaintiff's Motion for Default Judgment (docket entry #110) will be DENIED. Plaintiff's Motions for Review of Evidence Pursuant to Rule 403 and Rule 401 that have been docketed as Motions for Reconsideration of the Court's prior ruling on the discovery issues addressed above will be DENIED (docket entry #113 and #114). Plaintiff's Motion to Strike Defendants' Answer to the Amended Complaint will be DENIED (docket entry #122).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel is (docket entry #102) DENIED. Plaintiff's Request for Depositions to obtain the items he has sought is his Motions to Compel is likewise DENIED (docket entry #103).

2. Defendants' Motion for Standing Objection to Plaintiff's Request for surveillance tapes, security log books and medical records is DENIED (docket entry #109).

3. Plaintiff's Motion for Default Judgment (docket entry #110) is DENIED.

4. Plaintiff's Motions for Review of Evidence Pursuant to Rule 403 and Rule 401 that have been docketed as Motions for Reconsideration of the Court's prior ruling on the discovery issues addressed above are DENIED (docket entry #113 and #114).

5. Plaintiff's Motion to Strike Defendants' Answer to the Amended Complaint is DENIED (docket entry #122).

DATED this 30th day of January, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT